8090. ATLANTA NORTHERN RAILWAY CO. *v.* GOODE.

</div>

From the plaintiff's testimony it appears that the proximate cause of the injury to her on alighting from the defendant's railway-car was her miscalculation as to the distance from the step of the car to the ground, and not the alleged negligence of the defendant; and the evidence did not authorize the verdict against the defendant.

<div align="center">

DECIDED MARCH 20, 1917.

</div>

Action for damages; from Cobb superior court—Judge Patterson.   April 15, 1916.

*Colquitt & Conyers,* for plaintiff in error.

*N. A. Morris, George D. Anderson, J. G. Roberts,* contra.

LUKE, J.   The plaintiff's petition (omitting certain parts which the court, on demurrer, struck by an order to which no exception was taken) alleges, in substance, that the defendant carries passengers for hire from Marietta to Atlanta; that in May, 1914, the plaintiff boarded one of the defendant's cars in the city of Marietta for the purpose of going to Butlers, a station about one mile away, and paid the conductor the regular five cents fare, and at the time of paying her fare notified him that she wanted to get off at Butlers, but when the car arrived at Butlers it barely came to a stop, and she did not and could not get off the car; that she proceeded to the end of the car and called the conductor's attention to the fact that she had notified him that she wanted to get off at Butlers; he said he was sorry he had not let her get off at Butlers, and he stopped the car and notified her to get off where he had stopped it; that when he told her to get off the car she undertook to obey his command and went down to the last step, and stepped to the ground, lowering one foot first with the other on the last step; that the distance from the lower step to the ground was nearly four feet, but she did not realize this fact until she had stepped to the ground; that, the distance being so great and farther than she anticipated, when she stepped it severely jolted, jarred, shocked, and injured her (the injuries being fully set out) ; that she availed herself of the best opportunity afforded her by the defendant to alight from the car when she was told to get off; that she did not realize that there was danger incident to getting off at that place on account of the distance from the lower step to the ground and the unsuitable place to alight from the car; that she was free from fault or negligence, and her injuries were due to the negligence of the defendant.   The petition alleges that the defendant was negligent in failing to stop the car at Butlers a sufficient length of time for her to alight from it in safety; that "it was the duty of the defendant, after it carried plaintiff by said Butlers station, to run the car back to said station and stop and give her reasonable opportunity to alight from the same in safety; said defendant negligently failed to do this; said defendant and

its conductor in charge of said car wilfully, wantonly, and negligently ordered plaintiff to leave the car at a place that was unsafe and unsuitable for her to alight from the same; and defendant negligently, carelessly, and wantonly caused plaintiff to alight from said car at an unsafe place, at a place they knew and plaintiff did not know was unsuited and unsafe for passengers to get off of said car; the distance from the lower step of the car to the ground was about four feet; the ground where she was ordered to alight from said car and where she did alight from said car was rough and unballasted; there was no platform or station at this point."

The evidence of the plaintiff is in substance as follows: That she paid her fare to Butlers and notified the conductor that she wanted to get off there; that she could not get off at Butlers, and, after she had been carried by, she told the conductor that he had carried her by where she wanted to get off, and he immediately stopped the car and told her to get off there; that she went to the rear of the car and did not notice whether she could get off on either the right or the left-hand side of the car, but chose the left-hand side to get off; that the conductor was in the car, apparently taking up tickets; the ground, just below the step, where they told her to get off was "kinder" rocky and rough; that when she got off she thought that something in her right side "tore loose some way or give way," and it made her feel extremely nervous, as if about to faint, and she suffered pain in her back and right side; that she was in bed for some time, and continued to suffer; that the car stopped at Butlers about one minute and remained standing about one minute, and then went on. She testified further: "I did not ask the conductor to take me any further. I did not ask him to move the car. The only thing I stated was what I detailed yesterday, that I wanted to get off at Butlers, and then in response to that he rang the car down. There are several stations between Butlers and Fair Oaks, I think; I suppose there are. I did not ask the conductor to carry me on and put me on another car and bring me back." "When I stepped off from that bottom step to the ground it did not look to be as far as it really was. It did not look to me so far but what I thought I could step it. I misjudged the distance. It was so much farther than I expected. There is nothing the matter with my eyesight. All I know, I thought I could step it all right, and when I made the step it was further

than I thought it was. The distance from the step down was farther than I thought it was. It did not look to me as far as it was. It was a clear day. After I told the conductor that I wanted to get off at Butlers he stopped the car right there. I do not know whether that signal was in response to what I told him or not. He stopped the car at once. He did not go to the back platform with me at all. Where the car stopped for me to get off it was standing still. It remained standing while both my sister and I got off. I was ahead of my sister. It was broad open daylight. I could see where I had to step. There wasn't anything to keep me from seeing. Being able to see where I was stepping and to where I was going to step, I proceeded then to step off of the car while it was standing perfectly still. I looked, but I did not think it was as far as what it was to the ground. I could see, of course. My estimate of the distance was not exactly correct. I just selected which side to get off on when I walked back there. I did not look out on the right-hand side to see what kind of place was over there. I selected the left-hand side to get off, without anybody telling me which side to get off on." The plaintiff was thirty-four years old. The jury found in her favor, and the defendant filed its motion for new trial, upon the general grounds, which was overruled; and error is assigned on that judgment.

The testimony of the plaintiff is clear that her miscalculation as to the distance from the step of the car to the ground, and not negligence of the defendant, was the proximate cause of her injury. The evidence did not authorize a verdict in favor of the plaintiff, and the court erred in overruling the motion for a new trial.

   *Judgment reversed. Wade, C. J., and George, J., concur.*